09-0187-cv
*Hudson v. Universal Studios, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand and ten.

PRESENT: PIERRE N. LEVAL,
        ROBERT D. SACK,
        RICHARD C. WESLEY,
               *Circuit Judges.*

---

GREGORY L. HUDSON,

          *Plaintiff-Appellant,*

    -v.-                            09-0187-cv

UNIVERSAL STUDIOS, INC.,
UNIVERSAL PICTURES, INC.,
IMAGINE FILMS ENTERTAINMENT, LLC,

          *Defendants-Appellees.*

---

FOR APPELLANT:     GREGORY L. HUDSON, *pro se,* Springfield Gardens, NY.

FOR APPELLEES:     RICHARD DANNAY, THOMAS KJELLBERG, Cowan, Liebowitz & Latman, P.C., New York, NY

Appeal from the United States District Court for the Southern District of New York (Lynch, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Gregory L. Hudson ("Appellant"), *pro se*, appeals from a judgment of the district court granting the Defendants' motion for summary judgment, thereby dismissing his claims for breach of implied contract, copyright infringement, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1117 and 1125(a).  He also moves to reverse the district court's July 2009 order awarding the Defendants $38,904.80 in costs and attorneys' fees pursuant to 17 U.S.C. § 505.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*, and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law.

*See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

Upon consideration, we conclude that the district court properly granted summary judgment to the Defendants because no reasonable jury could have found that the Defendants' motion picture is substantially similar to Appellant's play.

Accordingly, we affirm the district court's judgment for substantially the same reasons as those articulated by that court. We have considered all of Appellant's remaining claims of error and find them to be without merit.

In addition, because Appellant never filed a timely notice of appeal from the district court's July 2009 order awarding attorneys' fees to the Defendants, and because any notice of appeal would now be untimely, Appellant's motion with respect to those fees is denied.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

3

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk